# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: ON-LINE TRAVEL COMPANY (OTC)/                 MDL No. 2405
HOTEL BOOKING ANTITRUST LITIGATION

### TRANSFER ORDER

**Before the Panel**:[*] Pursuant to 28 U.S.C. § 1407, plaintiff in a Northern District of Texas action moves for centralization of this litigation in that district or, in the alternative, the Western District of Oklahoma. This litigation currently consists of two actions pending in two districts, as listed on Schedule A. Since the filing of the motion, the parties have notified the Panel of over 20 related actions pending in various federal districts.[1]

All parties support centralization under Section 1407, but disagree on an appropriate choice for transferee district. All defendants[2] and plaintiffs in three potential tag-along actions support centralization in the Northern District of Texas. Plaintiffs in the Northern District of California *Turik* action and 13 potential tag-along actions request centralization in the Northern District of California. In the alternative, plaintiffs in seven of those actions suggest centralization in the Western District of Washington. Other responding plaintiffs have suggested, in the alternative or in the first instance, the Eastern District of Pennsylvania, the District of Maryland, and the District of Connecticut.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs in all actions allege that the same fourteen defendants conspired to impose a resale price maintenance scheme that fixes the retail price for hotel room reservations in the on-line market in violation of antitrust law. Plaintiffs bring their actions on behalf of virtually identical nationwide classes of direct purchasers and overlapping putative state subclasses. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially

---

[*] Judge Kathryn H. Vratil took no part in the decision of this matter.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] The defendants are Booking.com (USA), Inc.; Booking.com B.V.; Expedia Inc.; Hotels.com LP; Orbitz Worldwide, Inc.; Priceline.com, Inc.; Sabre Holdings Corporation; Travelocity.com LP; Hilton Worldwide, Inc.; InterContinental Hotels Group Resources, Inc.; Kimpton Hotel & Restaurant Group, LLC; Marriott International, Inc.; Starwood Hotels & Resorts Worldwide, Inc.; and Trump International Hotels Management, LLC.

-2-

with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Any of the suggested districts would be an appropriate transferee forum for this litigation in which actions are pending in various districts across the country. Weighing all factors, we have selected the Northern District of Texas. All defendants, including defendants with headquarters on the East and West Coasts, support centralization in the Northern District of Texas, as do plaintiffs in four of the pending actions. This district also provides a geographically central forum for this nationwide litigation. Judge Jane J. Boyle is an experienced transferee judge who we are confident will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Northern District of Texas is transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable Jane J. Boyle for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

IT IS FURTHER ORDERED that this docket is renamed as follows: IN RE: On-Line Travel Company (OTC)/Hotel Booking Antitrust Litigation.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

W. Royal Furgeson, Jr.    Paul J. Barbadoro
Marjorie O. Rendell    Charles R. Breyer
Lewis A. Kaplan

**IN RE: ON-LINE TRAVEL COMPANY (OTC)/ HOTEL BOOKING ANTITRUST LITIGATION**     MDL No. 2405

## SCHEDULE A

<u>Northern District of California</u>

Nikita Turik, et al. v. Expedia, Inc., et al., C.A. No. 3:12-04365

<u>Northern District of Texas</u>

James Smith v. Orbitz Worldwide, Inc., et al., C.A. No. 3:12-3515